IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | CIVIL NO. 20-00542 LEK-KJM<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

# ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Scaperotta alleges that the Kauai Police Department, "Hanapepe Airport," and "Salt Pond Park" violated his civil rights sometime during 2018.[1] *Id.* at PageID ## 5–6. For the following reasons, the Complaint is

---

[1] Scaperotta sues each Defendant in its official capacity. ECF No. 1 at PageID ## 1–2. Although Scaperotta names the "Hanapepe Airport," it appears that he is referring to the Port Allen Airport, that is located one mile from Hanapepe, Kauai. The Port Allen Airport is owned by the State of Hawaii, Department of Transportation, Airports Division. To the extent Scaperotta names "Salt Pond Park," his claims appear to be directed to the County of Kauai's Department of Parks and Recreation.

DISMISSED with partial leave granted to amend, pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing

2

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Scaperotta alleges in Count I that he was camping "in the bush" at the Port Allen Airport sometime during 2018, when a police officer entered his tent, sprayed him with mace, and tased him. ECF No. 1 at PageID # 5. Scaperotta was taken to a hospital, then booked on a charge of assaulting a police officer. *Id.* According to Scaperotta, the charge was later "dropped." *Id.*

Scaperotta alleges in Count II that, three weeks before the foregoing incident, "3 or 4 large men" beat and raped him in a bathroom at Salt Pond Park. *Id.* at PageID # 6. Scaperotta claims that there was "no security provided" at the park. *Id.*

Scaperotta seeks $500 million in compensatory, "nominal," punitive, and "personal injury" damages. *Id.* at PageID # 7. He also seeks unspecified injunctive relief, a "letter of apology," and a security presence at Salt Pond Park. *Id.*

---

[2]Scaperotta's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

## III.  DISCUSSION

A.  **Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

B.  **Statute of Limitations**

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions."  *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  In Hawaii, the statute of limitations for personal injury actions is two years.  *See* Haw.

Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).

Although Scaperotta states that the events described in Count I occurred sometime during 2018, and the events in Count II occurred three weeks earlier, he does not identify the months and days when the events allegedly occurred. *See* ECF No. 1 at PageID ## 5–6. Because Scaperotta did not provide the Complaint to prison officials for mailing until December 6, 2020, ECF. No. 1-1 at PageID # 9, it appears that his claims might be time-barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Even if timely, Scaperotta fails to state a cognizable claim for relief for the following reasons.

**C.     Eleventh Amendment Immunity**

Scaperotta attempts to sue the Port Allen Airport in its official capacity. ECF No. 1 at PageID # 2. The Port Allen Airport is owned by the Airports Division of the Department of Transportation, an agency of the State of Hawaii. *See* Port Allen Airport, https://airports.hawaii.gov/pak/ (last visited Jan. 27, 2021).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the "Hanapepe Airport" are barred by the Eleventh Amendment. *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) ("It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." (internal quotation marks and citation omitted)); *see also Cislo v. Fuchigami*, No. 17-00487 SOM/KJM, 2017 WL 655973, at *4 (D. Haw. Dec. 22, 2017) (concluding that § 1983 claims against Department of Transportation, Airports Division were barred by the Eleventh Amendment). Scaperotta's claims against the "Hanapepe Airport" are therefore DISMISSED with prejudice.

**D.     Municipal Liability**

Scaperotta also attempts to sue the Kauai Police Department and the Department of Parks and Recreation in their official capacities. ECF No. 1 at PageID ## 1–2. An "official-capacity suit is, in all respects other than name, to be

treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Here, the real party in interest is the County of Kauai. *See Gomes v. County of Kauai*, No. 20-00189 JMS-WRP, 2020 WL 5097835, at *5 (D. Haw. Aug. 26, 2020) (stating that claims against a county's police department are treated as claims against the municipality).

There is no respondeat superior liability under § 1983. Thus, a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

To state such a claim, a plaintiff must allege either that (1) a particular municipal action itself violates federal law, or directs an employee to do so; or (2) the municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). When a plaintiff pursues liability based on a failure to act, he or she must allege that the

8

municipality exhibited deliberate indifference to the violation of his or her federally protected rights. *Id.* "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (internal quotation marks and citation omitted).

In Count I Scaperotta does not identify any policies or customs of the Kauai Police Department that caused a violation of federal law. Likewise, in Count II Scaperotta does not identify any policies or customs of the Department of Parks and Recreation that resulted in a violation of federal law. To the extent Scaperotta suggests that the Department of Parks and Recreation failed to employ security at Salt Pond Park, he has not plausibly alleged that Kauai County was deliberately indifferent to any violation of his federally protected rights. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." (internal quotation marks omitted and alteration in original)). His claims against the Kauai Police Department and "Salt Pond Park" are DISMISSED with leave granted to amend.

**E.   Doe Defendant**

Scaperotta alleges in Count I that an unidentified police officer, who is not named as a Defendant, used excessive force. ECF No. 1 at PageID # 5. If Scperotta decides to file an amended pleading and includes a claim against this

unknown officer in his or her individual capacity, he is notified that Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties sued in the action. The use of doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights. If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642). Assuming Scaperotta's decides to file an amended pleading naming a doe defendant, his claims are timely, and he is able to state a colorable claim for relief, Scaperotta is NOTIFIED that any amended pleading cannot be served unless he identifies the Kauai Police Department officer who is allegedly violated his constitutional rights.

F.   **Fourth and Eighth Amendment Claims**

Scaperotta alleges in Count I that the unidentified police officer violated the Fourth and Eighth Amendments by using excessive force. ECF No. 1 at PageID # 5. If Scaperotta chooses to file an amended pleading, he must consider the following legal standards.

The Eighth Amendment's protection against cruel and unusual punishment does not apply, because Scaperotta had not been convicted or sentenced at the time of the alleged incidents. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1042 (9th Cir. 1996).

The Fourth Amendment protects an individual from the use of excessive force during arrest. *See Graham*, 490 U.S. at 394. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment requires police officers making an arrest to only use an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396 (internal citation and quotation omitted). "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854

11

(9th Cir. 2002). "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 497) (internal quotation marks omitted).

Scaperotta does not describe the facts and circumstances of his arrest. He does not say when the alleged incident occurred or whether he was camping with a permit at a designated campground.[3] Although Scaperotta claims that the officer sprayed mace at him and tased him, he does not say what, if anything, happened before the police officer allegedly opened his tent. It is unclear whether the officer asked Scaperotta to exit the tent and he refused, or the officer acted without warning. Without additional details, Scaperotta fails to state a colorable excessive force claim.

## IV. LEAVE TO AMEND

The Complaint is DISMISSED with partial leave granted to amend. Scaperotta may file an amended complaint on or before February 26, 2021. He must comply with the Federal Rules of Civil Procedure and the Local Rules for the

---

[3] Scaperotta states that he was camping at Salt Pond Park "on/off property," but he also states that he was "on Airport property." ECF No. 1 at PageID # 5.

District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. **28 U.S.C. § 1915(g)**

If Scaperotta fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Any claims against "Hanapepe Airport" are DISMISSED with prejudice.

(3) Scaperotta's claims against the Kauai Police Department and "Salt Pond Park" are DISMISSED with leave granted to amend.

(4) Scaperotta may file an amended pleading that cures the noted deficiencies in his claims on or before February 26, 2021.

(5) The Clerk is DIRECTED to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(6) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Scaperotta may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER JAY SCAPEROTTA VS. KAUAI POLICE DEPARTMENT, ET AL; CV 20-00542 LEK; ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**

15