IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>vs.<br><br>KAUAI POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | CIVIL NO. 20-00542 LEK-KJM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 13. Scaperotta names as Defendants the Kauai Police

---

[1] This is one of fifteen civil actions that Scaperotta has pending in this court since. *See Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 20-00548 DKW-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 20-00549 JMS-KJM (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, Civ. No. 20-00550 JMS-RT (D. Haw.); *Scaperotta v. Wagatsuma*, Civ. No. 20-00551 JAO-RT (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, Civ. No. 21-00061 JMS-RT (D. Haw.); *Scaperotta v. Sequeira*, Civ. No. 21-00069 JMS-KJM (D. Haw.); *Scaperotta v. Haw. U.S. Dist. Ct.*, Civ. No. 21-00073 HG-RT (D. Haw.); *Scaperotta v. Kanehailua*, No. 21-00074 DKW-WRP (D. Haw.); *Scaperotta v. Oahu Cmty. Corr. Ctr.*, No. 21-00075 SOM-RT (D. Haw.); *Scaperotta v. Kauai Cmty. Corr. Ctr.*, No. 21-00085 DKW-RT (D. Haw.); *Scaperotta v. Wagatsuma*, No. 21-00097

Department ("KPD") and the County of Kauai ("County"). *Id.* at PageID ## 70–71. Scaperotta alleges that two KPD officers used excessive force during a 2018 arrest, *id.* at PageID # 72, and the County did not prevent a 2018 sexual assault in a Salt Pond Park bathroom, *id.* at PageID # 73. For the following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with partial leave granted to amend.

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Id.* at 1126–27; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Dismissal of a complaint for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) involves the same

---

HG-KJM (D. Haw.); *Scaperotta v. Colobong*, No. 21-00102 JMS-WRP (D. Haw.); *Scaperotta v. Charles*, No. 21-00107 DKW-KJM (D. Haw.); *Scaperotta v. Viohle*, No. 21-00108 HG-KJM (D. Haw.).

standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam); *see also Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed-me accusation" falls short of meeting this

plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

Scaperotta alleges in Count I that two unidentified KPD officers (who are not named as Defendants) used excessive force during an arrest sometime in 2018. ECF No. 13 at PageID # 72. Scaperotta claims that he was in a closed tent "at Salt Pond Park off property on Port Allen property" when two police officers asked him to exit his tent. *Id.* After Scaperotta refused to comply with the officers' instruction, the officers allegedly opened the tent and sprayed Mace at Scaperotta. *Id.* The officers then allegedly "ripped" Scaperotta from the tent, "tased and

---

[2] Scaperotta's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

subdued" him, and took him to an ambulance.  *Id.*  According to Scaperotta, KPD policy states that only "'equal force' should be used."  *Id.*

Scaperotta alleges in Count II that he was sexually assaulted in a Salt Pond Park bathroom in 2018.  ECF No. 13 at PageID # 73.  He claims that "Park Rangers" and the KPD did not "reinforce security measures when a known criminal element existed."  *Id.*  According to Scaperotta, at some point there was a murder at "Port Allen Airport Beach," and Salt Pond Park is "known for methamphetamine use."  *Id.*

Scaperotta seeks $400 million in compensatory damages, $300 million in personal injury damages, and $125 in "nominal/punitive" damages.  *Id.* at PageID # 74.  He also seeks an "expungement of record," an "out of court settlement," and "security put in place at park."  *Id.*

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged

deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B. Statute of Limitations

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Hawaii, the statute of limitations for personal injury actions is two years. *See* Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).

Although Scaperotta states that the events described in Count I and Count II occurred sometime during 2018, he does not identify the month or even the time of year when the events allegedly occurred. *See* ECF No. 13 at PageID ## 72–73.

Because Scaperotta did not provide his original Complaint to prison officials for mailing until December 6, 2020, *see* ECF. No. 1-1 at PageID # 9, it appears that his claims might be time-barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Even if timely, Scaperotta fails to state a cognizable claim for relief for the following reasons.

## C.  Defendant KPD is Treated as Part of the Municipality of the County

Scaperotta names as Defendants the Kauai Police Department and the County of Kauai. ECF No. 13 at PageID ## 70–71.

Claims against a municipality and its respective police department are treated as claims against the municipality. *See, e.g.*, *Gomes v. County of Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020) (dismissing with prejudice claims against the Kauai Police Department); *Oyadomari v. Sutherland-Choy*, 19-00656 JAO-KJM, 2020 WL 61573, at *2 & n.6 (D. Haw. Jan. 6, 2020) ("The Honolulu Police Department is a division of the City and County of Honolulu and is not separately subject to suit under § 1983."); *Young v. Hawaii*, 548 F. Supp. 2d 1151, 1164–65 (D. Haw. 2008) ("Defendants Hawaii County Police Department and the County of Hawaii are treated as one party[.]"), *overruled on other grounds by Dist. of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008);

*Pourny v. Maui Police Dep't, County of Maui*, 127 F. Supp. 2d 1129, 1143 (D. Haw. 2000) (treating the Maui Police Department and the County of Maui as one party).

Accordingly, Scaperotta's claims against the Kauai Police Department are DISMISSED with prejudice. *See Gomes*, 481 F. Supp. 3d at 1110.

### D.  Municipal Liability Under 42 U.S.C. § 1983

"A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  To state a claim based on municipal liability, "a plaintiff must allege either that (1) 'a particular municipal action *itself* violates federal law, or directs an employee to do so'; or (2) the municipality, through inaction, failed to implement adequate policies or procedures to safeguard its community members' federally protected rights." *Id.* (quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 407-08 (1997) (other citation omitted)).

If "a plaintiff pursues liability based on a failure to act, [he] must allege that the municipality exhibited deliberate indifference to the violation of [his] federally protected rights." *Id.* (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th

Cir. 2012)). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (internal quotation marks and citation omitted). A state actor must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff. *Id.* "In other words, the defendant knows that something *is* going to happen but ignores the risk and exposes [the plaintiff] to it." *Id.* (internal quotation marks and citation omitted).

### 1. Count I

Scaperotta alleges in Count I that two unidentified police officers violated the Fourth Amendment by using excessive force while arresting him in 2018. ECF No. 13 at PageID # 72. Scaperotta claims that, after he refused to comply with the two officers' instruction to exit his tent, the officers opened the tent and sprayed Mace at him. *Id.* The officers then allegedly "ripped" Scaperotta from the tent, "tased and subdued" him, and took him to an ambulance. *Id.*

Scaperotta's claim fails at the starting gate because he does not allege that the officers acted pursuant to a policy or custom of the County. *See Brown*, 520 U.S. at 403 (noting that a plaintiff seeking to impose liability on a municipality must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury").

Indeed, Scaperotta suggests just the opposite. According to Scaperotta, the KPD's policy states that only "'equal force' should be used." ECF No. 13 at PageID # 72.

Moreover, Scaperotta does not allege any connection between the conduct of the two unidentified police officers and any action by the County. *See Brown*, 520 U.S. at 404 ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."). Scaperotta's claim in Count I against the County is DISMISSED with leave granted to amend.

### 2. *Count II*

Scaperotta alleges in Count II that he was sexually assaulted in a Salt Pond Park bathroom in 2018. ECF No. 13 at PageID # 73. Scaperotta claims that the County did not "reinforce security measures when a known criminal element existed." *Id.* According to Scaperotta, someone had been murdered at "Port Allen Airport Beach" at some point, and Salt Pond Park is "known for methamphetamine use." *Id.*

As a preliminary matter, Scaperotta fails to identify what right protected by the Constitution or created by federal statute the County allegedly violated. *See id.* To the extent relies on the Eighth Amendment, he may not do so. Although the Eighth Amendment prohibits cruel and unusual punishment, it only applies to

convicted prisoners. *See Vazquez v. County of Kern*, 949 F.3d 1153, 1163–64 (9th Cir. 2020) ("[T]he Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*." (internal quotation marks and citation omitted)). Scaperotta was not a convicted prisoner at the time of the alleged assault.

Moreover, to the extent Scaperotta's claim is based on the County's failure to act, he has not plausibly alleged that the County exhibited deliberate indifference to the violation of his federally protected rights. *See Park*, 952 F.3d at 1141. As noted *supra*, deliberate indifference is a stringent standard requiring proof that a municipal actor disregarded a known or obvious consequence of its action. *Id.* While Scaperotta claims that someone was murdered at "Port Allen Airport Beach," he does not say when this happened. Nor does he explain how this shows that the County was deliberately indifferent to sexual assault at Salt Pond Park. Likewise, while Scaperotta claims that Salt Pond Park was "known for methamphetamine use," he has not plausibly alleged that the County was deliberately indifferent to sexual assault at the park. Scaperotta's claim in Count II against the County is DISMISSED with leave granted to amend.

E. **Doe Defendants**

Scaperotta alleges in Count I that two unidentified police officers, who are not named as Defendants, used excessive force during a 2018 arrest. ECF No. 13

at PageID # 72.  If Scaperotta decides to file an amended pleading and includes a claim against these unknown officers in their individual capacities, he is reminded that Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties sued in the action. The use of doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe defendant individually violated his constitutional rights.  If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).  Assuming Scaperotta's decides to file an amended pleading naming a doe defendant, his claims are timely, and he is able to state a colorable claim for relief, Scaperotta is NOTIFIED that any amended pleading cannot be served unless he identifies the Kauai Police Department officers who allegedly violated his constitutional rights.

## IV. LEAVE TO AMEND

The First Amended Complaint is DISMISSED with partial leave granted to amend. Scaperotta may file an amended complaint on or before **March 30, 2021**. He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, and it must comply with Rule 8 of the Federal Rules of Civil Procedure. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. 28 U.S.C. § 1915(g)

If Scaperotta fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

13

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Any claims against the Kauai Police Department are DISMISSED with prejudice.

(3) Scaperotta's claims against the County of Kauai are DISMISSED with leave granted to amend.

(4) Scaperotta may file an amended pleading that cures the noted deficiencies in his claims on or before **March 30, 2021**.

(5) The Clerk is DIRECTED to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

//

//

//

//

//

(6) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Scaperotta may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHRISTOPHER JAY SACPEROTTA VS. KAUI POLICE DEPARTMENT, ET AL.; CV 20-00542 LEK-KJM; ORDER DISMISSING FIRST AMENDED COMPAINT WITH PARTIAL LEAVE TO AMEND**